UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN GLIDE SKATING RINK, LLC; DIONTE THOMAS, individually, and as parent and guardian of D.J., a minor; AND COURTNEY JOHNSON, individually, and as parent and guardian of D.J., a minor,<br><br>Defendants. | Civil Action File No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Plaintiff Evanston Insurance Company ("Evanston") for its Complaint for Declaratory Judgment against the Defendants and alleges as follows:

**INTRODUCTION**

1.

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between Evanston and Defendant Golden Glide Skating Rink, LLC ("Golden Glide"), arising out of claims for indemnity under a commercial general liability policy issued by Evanston to Golden Glide. Evanston seeks a declaration as to whether it has any obligation to defend and

143209888.2

indemnify Golden Glide in connection with a April 9, 2022 incident in which Dionte Thomas ("Thomas") and Courtney Johnson's ("Johnson") minor son, D.J., was shot while leaving Golden Glide (the "Incident") and for which a time-limited demand for Evanston's policy limits has been made.

## THE PARTIES

2.

Plaintiff Evanston Insurance Company is an Illinois corporation with its principal place of business in Illinois. Evanston is an eligible surplus lines insurer as provided by Chapter V of the Official Code of Georgia.

3.

Defendant Golden Glide Skating Rink, LLC is a Georgia limited liability company with its principal place of business in Georgia. Golden Glide can be served through its registered agent, Robert Davis, located at 3214 Forrest Park Road, Atlanta, Fulton County, Georgia 30354.

4.

On information an belief, Robert Davis, a citizen of Georgia, is the sole member of Golden Glide.

5.

Defendant Dionte Thomas is a parent of D.J. and a citizen of the State of Georgia. D.J. is an alias used to protect his true identity. Thomas can be served at his

residence in Georgia.

6.

Defendant Courtney Johnson is a parent of D.J. and a citizen of the State of Georgia. D.J. is an alias used to protect his true identity. Johnson can be served at her residence in Georgia.

**JURISDICTION & VENUE**

7.

There is complete diversity between Evanston, on the one hand, and all of the Defendants, on the other hand.

8.

The amount in controversy exceeds $75,000, exclusive of interest and costs, because Thomas and Johnson demanded the $1,000,000 limits of the policy Evanston issued to Golden Glide.

9.

Thus, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.

10.

This Court has personal jurisdiction over Golden Glide, Thomas, and Johnson because they are citizens of the State of Georgia residing in the State of Georgia.

11.

Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1391(b)(1) and/or (2) because a substantial part of the events or omissions giving rise to the claim occurred in DeKalb County, Georgia and/or at least one of the Defendants reside in one of the counties that comprise the Atlanta Division.

12.

This action is properly filed pursuant to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists between Evanston and Golden Glide involving whether Evanston has a duty to defend and indemnify Golden Glide for Thomas and Johnson's claims against Golden Glide arising out of the Incident.

## **FACTS**

13.

Golden Glide operates a skating rink located at 2750 Wesley Chapel Road, Decatur, DeKalb County, Georgia 30034.

14.

On April 9, 2022, D.J. was an invitee of Golden Glide.

15.

There was gunfire in Golden Glide's parking lot the evening of April 9, 2022.

16.

D.J. was struck in the head by the gunfire.

17.

Evanston received notice of the Incident on or about April 12, 2022.

18.

Golden Glide retained counsel in connection with the Incident.

19.

On June 12, 2023, Evanston disclaimed coverage to Golden Glide for the Incident.

20.

On July 8, 2024, Evanston received Thomas and Johnson's time-limited demand concerning the Incident. (the "Demand"). A redacted copy of the Demand without its attachments is attached as Exhibit "A."

21.

The Demand asserts that the costs for D.J.'s medical treatment relating to the Incident are at least $943,796.49. (Ex. A p. 2.)

22.

The Demand asserts that "there are substantially similar crimes that gave Golden Glide notice of the crime on the property and the need for additional security[.]" (Ex. A p. 3.)

23.

The Demand asserts that Golden Glide "negligently failed to provide a reasonably safe environment at 2750 Wesley Chapel Road." (Ex. A p. 3.)

24.

The Demand asserts that "[G]olden Glide negligently maintained, inspected, secured, patrolled, and managed the property." (Ex. A p. 3.)

25.

The Demand asserts that Golden Glide "negligently failed to provide adequate security protection, security personnel, or any meaningful crime deterrence measures on the property." (Ex. A p. 3.)

26.

The Demand asserts that Golden Glide "negligently represented to their customers and other invitees, including [D.J.], that 2750 Wesley Chapel Road was in fact, safely and properly maintained and secured." (Ex. A p. 3.)

27.

The Demand asserts that Golden Glide "gave no warnings to [D.J.], or his parents, of the high likelihood of crime on the property." (Ex. A p. 3.)

28.

The Demand asserts that Golden Glide was the site of a substantial number of crimes, including gun crimes, in the five year period preceding the Incident. (Ex. A

pp. 3-4.)

29.

The Demand asserts that Golden Glide's "indifference to crime and the serious threats of danger to its customers will likely support not only a finding of liability, but also an aware of punitive damages." (Ex. A p. 6.)

30.

The Demand asserts that the Incident "was foreseeable to [Golden Glide] based upon the prior crime at the Golden Glide Skating Rink." (Ex. A p. 6.)

31.

The Demand asserts that Evanston issued insurance to Golden Glide that provides coverage for the Incident. (Ex. A pp. 6-8.)

32.

The Demand seeks $1,000,000 from Evanston for Golden Glide's liability for the Incident. (Ex. A pp. 6-8.)

33.

The Demand asserts that Evanston will be acting in bad faith if it does not accept the Demand. (Ex. A pp. 6-8.)

**THE EVANSTON POLICY**

34.

Evanston issued to Golden Glide policy number 3AA510695 for the October

4, 2021 to October 4, 2022 policy period (the "Policy"). A true and correct copy of the Policy is attached as Exhibit "B."

35.

The Policy contains a commercial general liability coverage part subject to a commercial general liability coverage form.

36.

The Policy's applicable liability limits are $1,000,000 per "occurrence," $2,000,000 general aggregate limit.

37.

The Policy's insuring agreement for Coverage A states, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

> **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> \* \* \* \*

(Ex. B at Form CG 00 01 04 13 p. 1.)

### 38.

The Policy contains the following relevant definitions:

**SECTION V – DEFINITIONS**

> \* \* \* \*
>
> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> \* \* \* \*
>
> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> \* \* \* \*

(Ex. B at Form CG 00 01 04 13 pp. 13, 15.)

39.

As amended by endorsement, the Policy contains the following Assault or Battery Exclusion:

### EXCLUSION – ASSAULT OR BATTERY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
LIQUOR LIABILITY COVERAGE FORM

**A.** Paragraph **2.** Exclusions under Section **I** – Coverages, Coverage **A** – Bodily Injury And Property Damage Liability of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM,** and Section **I** – Liquor Liability Coverage of the **LIQUOR LIABILITY COVERAGE FORM** is amended as follows:

\* \* \* \*

**2.** The following exclusion is added:

This insurance does not apply to:

**Assault Or Battery**

"Injury" arising out of "assault or battery", or any act or omission in connection with the prevention or suppression of "assault or battery", whether caused by or at the instigation or direction of:

**(1)** Any insured;

**(2)** Any "employee" of the insured;

**(3)** A patron of the insured; or

**(4)** Any other person.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training, monitoring of others, or failure to protect or warn others, by a person described in Paragraphs **(1)** through **(4)** above.

B. The following is added to the Definitions section:

1. The following definition is added to the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** and **LIQUOR LIABILITY COVERAGE FORM:**

"Assault or battery" means:

a. Any attempt or threat to inflict "injury" to another person or the property of another person including any conduct or action that would reasonably place such person in apprehension of such "injury"; or

b. The intentional or reckless physical contact with or any use of force against a person without his or her consent that results in "injury" or offensive or abusive touching, whether or not the actual "injury" inflicted was intended or expected. The use of force includes, but is not limited to, the use of a weapon.

"Assault or battery" includes "injury" resulting from the use of reasonable force to protect persons or property.

\* \* \* \*

(Ex. B at Form MEGL 0024 05 16.)

## CAUSE OF ACTION
### (Declaratory Relief)

40.

Evanston hereby incorporates by reference all allegations contained in Paragraphs 1 – 39.

41.

Evanston does not have any obligation to defend and indemnify Golden Glide for the Incident or any damages, losses, claims, costs, or expenses arising out of or related to the claims asserted by Thomas and Johnson against Golden Glide because coverage is barred by the Assault or Battery Exclusion.

42.

Therefore, Evanston seeks a declaration that it has no duty to defend and indemnify Golden Glide for the Incident.

WHEREFORE, Evanston demands judgment as follows:

A. For a declaration that Evanston has no duty to defend and indemnify Golden Glide for the Incident or otherwise pay for any damages, losses, claims, costs or expenses arising out of the claims asserted by Thomas and Johnson against Golden Glide;

B. That the judgment be binding on Thomas and Johnson;

C. For the cost of this suit; and

D. For such other and proper relief as this Court may deem just and proper.

Dated this 5th day of August, 2024.

LEWIS, BRISBOIS, BISGAARD
& SMITH, LLP
600 Peachtree Street
Suite 4700
Atlanta, Georgia  30309

/s/ Christopher C. Meeks
Seth M. Friedman
Georgia Bar No. 141501
Christopher C. Meeks
Georgia Bar No. 371020
Marshall S. Sims

143209888.2

12

T: (404)348-8585
F: (404)467-8845
seth.friedman@lewisbrisbois.com
christopher.meeks@lewisbrisbois.com
marshall.sims@lewisbrisbois.com

Georgia Bar No. 804511

*Attorneys for Plaintiff*
*Evanston Insurance Company*